IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:19-CV-124-FL

| | |
|---|---|
| LILLIAN THERESA DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| ANDREW SAUL, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 17, 22). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, issued a memorandum and recommendation ("M&R") (DE 24), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court rejects the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings is granted, and defendant's motion for judgment on the pleadings is denied.

### BACKGROUND

On July 14, 2016, plaintiff filed an application for supplemental security income, alleging disability beginning January 13, 2015. The application was denied initially and upon reconsideration. A hearing was held on October 5, 2018, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in decision dated December 5, 2018. After

the appeals council denied plaintiff's request for review, plaintiff commenced the instant action on September 4, 2019, seeking judicial review of defendant's decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "'include a narrative discussion describing how the evidence supports each conclusion,'" Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 14, 2016, the date of plaintiff's application. At step two, the ALJ found that plaintiff had the following severe impairments: carpal tunnel syndrome, hypertension, obesity, and kidney stone. However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations. See 20 C.F.R. § 404, Subpt. P, App. 1.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium work, "except she could frequently but not constantly handle, finger, and feel; and she can have no exposure to hazards." (Tr. 30). At step four, the ALJ concluded plaintiff is able to perform past relevant work as a pharmaceutical inspector. In the alternative, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.   Analysis

Plaintiff argues that the ALJ failed to evaluate properly her RFC, particularly the determination that she is capable of frequently handling, fingering, and feeling. Thus, she argues that defendant's decision should be reversed, or in the alternative remanded for additional findings concerning RFC. The court agrees with plaintiff's alternative argument, where the ALJ's decision

4

does not sufficiently explain plaintiff's capacity to frequently handle, finger, and feel, in light of the evidence in the record.

The RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Monroe v. Colvin, 826 F.3d 176, 187 (4th Cir. 2016) (quotations omitted). "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work." Id. "In all cases in which symptoms, such as pain, are alleged, the RFC assessment must include a resolution of any inconsistencies in the evidence as a whole set forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work." Id. at 188.

"Remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quotations omitted). "[T]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Monroe, 826 F.3d at 189 (quotations omitted). In doing so, "the ALJ must build an accurate and logical bridge from the evidence to his conclusion." Id. (quotations omitted).

For example, in Mascio, remand was required where "although the ALJ concluded that [the claimant] can perform certain functions, he said nothing about [the claimant's] ability to perform them for a full workday." Mascio, 780 F.3d at 637. In Monroe, remand was required where the ALJ "never made specific findings about whether [the claimant's] apnea or narcolepsy would

cause him to experience episodes of loss of consciousness or fatigue necessitating breaks in work and if so, how often these events would occur." Monroe, 826 F.3d at 188.

Here, the ALJ's analysis is not sufficient for meaningful judicial review because it fails to build an accurate and logical bridge from the evidence of plaintiff's carpal tunnel syndrome to the ALJ's conclusion that plaintiff is capable of frequent handling, fingering, and feeling, as opposed to a more restrictive limitation of occasional handling, fingering, and feeling. This distinction is critical in this case because, as recognized by the vocational expert at hearing, a limitation to occasional handling, fingering, and feeling would preclude work at the medium level. (See Tr. 70).

While the ALJ adequately summarizes the evidence bearing on plaintiff's carpal tunnel syndrome, the ALJ provides no discussion of how this evidence supports her determination as to the frequency of manipulation. In particular, the ALJ reasons:

> In sum, the claimant's carpal tunnel syndrome, hypertension, obesity, and kidney stone do provide for limitations in her abilities as evidenced by the medical evidence of record and her testimony at the hearing. However, the record shows that her conditions are not totally debilitating. The objective medical evidence generally supports her residual functional capacity. The claimant's complaints of numbness and pain in her wrists and hands are partially corroborated by her documented carpal tunnel syndrome and decreased sensation in the median nerve distribution. However, in her wrists, hands, and fingers, she has <u>a normal range of motion, normal strength, and no instability</u>. The claimant is therefore limited to <u>frequent handling, fingering, and feeling</u>.

(Tr. 33) (emphasis added). The gap in the analysis that precludes review is in the connection between a "normal range of motion, normal strength, and no instability," and "frequent handling, fingering, and feeling." (Id.). Having full range of motion, for example, at a single moment of examination, says nothing about whether plaintiff can so move "frequently," particularly where there is substantial evidence in the record that plaintiff's condition is exacerbated by repetitive motion.

6

For example, plaintiff testified that in her prior job as a pharmaceutical inspector, where the work of inspecting IV bags aggravated her hand and wrist condition: "[B]y me just kept going, working, it just happens over, and over, again." (Tr. 53). She testified: "When [my hands] swell up, I can't barely make a fist." (Tr. 55). "[W]hen I've got to clench real close with my fingers, they get numb and I feel a little tingling in my fingers." (Tr. 60). In addition, activities like typing and touching a phone bother her "most of the time," and she can no longer do sewing. (Tr. 61). Household chores, including sweeping, cause problems with her hands "if I do it a long time." (Tr. 66).

As noted in the ALJ decision, plaintiff's complaints of numbness and pain in her wrists and hands are corroborated by portions of the objective medical evidence. For example, upon examination by her orthopedic physician, Dr. Mark Perlmutter in 2017, it was noted that plaintiff underwent "a previous carpal tunnel release" surgery in 1997, but it was "unlikely to have released the entire carpal tunnel." (Tr. 468). "This is supported by [plaintiff's] opinion that she has never noted relief from the surgery." (Id.). Upon testing, she had "decreased sensation in the median nerve distribution," and a "carpal compression test" was positive "<u>with the exact duplication of reported subjective [symptoms] bilaterally</u>." (Tr. 467) (emphasis added). While Dr. Perlmutter completed injections in April 2017, symptoms returned by May 2017, and surgery was "indicated and recommended." (Tr. 468). Plaintiff "would like to wait until she has insurance for same." (Id.). In September 2013, plaintiff reported "chronic" pain in her wrists, despite wearing wrist splints. (Tr. 483).

The ALJ's decision includes no discussion of the critical frequency component of plaintiff's RFC. According to the regulations, to determine the physical exertion requirements of work, the ALJ uses definitions set forth in the Dictionary of Occupational Titles (DOT). See, e.g.,

7

20 C.F.R. § 416.967. In turn, in reference to plaintiff's prior job and jobs considered at hearing, the DOT defines "[o]ccasionally" as "activity or condition exist[ing] up to 1/3 of the time," and "frequently" as "activity or condition exist[ing] from 1/3 to 2/3 of the time." E.g., DOT §§ 559.387-014 (Inspector), 361.685-018 (Laundry Worker), 1991 WL 683671, 1991 WL 672987. There is a lack of necessary explanation in the ALJ's decision regarding how the evidence supports a determination that plaintiff could handle, finger, and feel with her hands "frequently," or up to approximately five hours in a workday, as opposed to "occasionally," for less approximately 2.5 hours in a workday.

For example, the ALJ suggested at hearing that there may be a further avenue of analysis with respect to plaintiff's ability to engage in "housework," in a manner that would distinguish between "just occasional handling, fingering, and feeling," and frequent manipulation of the hands. (Tr. 70). The ALJ did not, however, pursue this line of analysis in the decision when referencing handling limitations. (See Tr. 33). In this respect, and because of plaintiff's history of surgery and continuing indicated need for surgery for her carpal tunnel syndrome, this case stands in contrast to a prior case where the court upheld a decision involving an RFC determination of "frequent" manipulation limitations, despite treatment for carpal tunnel syndrome. See Briley v. Berryhill, No. 5:18-CV-43-FL, 2019 WL 1330889, at *3 (E.D.N.C. Mar. 25, 2019).

In so holding, the court expresses no opinion whether, upon further review of the record and explanation, there may be adequate reasons for the scope of limitations expressed in the ALJ's RFC determination. Rather, the court holds only that gaps in the explanation in the ALJ's decision preclude meaningful judicial review, thus requiring remand in accordance with Mascio and Monroe.[1]

---

[1] The court also departs from the reasoning in the M&R in several respects. For example, the M&R states that "no medical provider has restricted her to only occasional manipulations." (M&R (DE 24) at 7). The ALJ, however,

8

Defendant suggests that the ALJ's analysis was proper and sufficient to permit meaningful review, where the analysis in the ALJ covers all the objective medical evidence and plaintiff's testimony at hearing. (See, e.g., Def's Mem. (23) at 10-13). The problem with the ALJ's analysis, however, is not a failure to recite and summarize the evidence in the record, but rather a failure "build an accurate and logical bridge from the evidence to [the ALJ's] conclusion." Monroe, 826 F.3d at 189 (quotations omitted). Defendant also argues that remand is not necessary where the ALJ does not discuss functions that are "irrelevant or uncontested." (Def. Mem. (DE 23) at 13). But, the functions at issue in this case, being the frequency of handling, fingering, and feeling, are critical to a determination of disability, and far from irrelevant or uncontested.

In sum, remand for further evaluation of the evidence and explanation of defendant's decision is required to permit meaningful review.

## CONCLUSION

Based on the foregoing, and upon de novo review of the record, the rejects the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 17) is GRANTED, and defendant's motion for judgment on the pleadings (DE 22) is DENIED. This matter is REMANDED to defendant pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order. The clerk is DIRECTED to close this case.

---

did not state in the decision this was a basis for limiting plaintiff to frequent manipulations, particularly where no medical opinion discussed either frequent manipulations or occasional manipulations. (See Tr. 33). The M&R also suggests that there were contradictions between plaintiff's testimony and the medical evidence. (M&R (DE 24) at 11). While these may be appropriate for the ALJ to address in the first instance, the court will not undertake this analysis where the ALJ does not rely upon these asserted contradictions in reaching a limitation to only frequent manipulation. (See, e.g., Tr. 33). Moreover, the contradictions asserted are not entirely accurate. According to the M&R, plaintiff "stated that she could not make a fist, but the consultative examiner noted that she made a tight fist." (M&R (DE 24) at 11). Plaintiff's testimony, however, was that "When [my hands] swell up, I can't barely make a fist." (Tr. 55). In addition, the M&R does not address the frequency issue as discussed in the text herein. Accordingly, the court does not adopt the M&R.

9

SO ORDERED, this the 21st day of August, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge